# SWOMLEY & ASSOCIATES
Attorneys At Law
83 Atlantic Avenue
Boston, Massachusetts 02110-3711
Telephone: (617) 227-9443
Facsimile: (617) 523-7554

John G. Swomley*  
Devon Dietz Hincapie  
Peter R. Ramgren

*Of Counsel*  
Edmund H. Robinson†

*Also admitted in New York*  
†*Also admitted in South Carolina*

April 1, 2002

Magistrate Judge Charles B. Swartwood III  
U.S. District Court  
Harold D. Donohue Federal Building & Courthouse, Rm. 404  
595 Main Street  
Worcester, MA 01608

DOCKETED

RE: *Robert and Linda Harris v. Athol-Royalston Regional School District Committee, et al.*  
U.S. District Court Civil Action No. 99-40164 NMG  
**Motion for Return of Computer Files**

Dear Judge Swartwood:

My firm has been retained as special counsel to represent Robert and Linda Harris in connection with their discovery that the Athol Royalston Regional School Committee, Deutsch Williams Brooks DeRensis & Holland, their attorneys in this litigation, and now more recently, the School Committee's currently retained legal counsel, Fred Dupere, have obtained and improperly restored Mr. and Ms. Harrises' private and confidential computer files, reviewed, analyzed and digested them, used the contents of the files against the Harrises in this litigation and then, this past week, disseminated the files at a school committee meeting to the press and the general public.

Some of these files concerned Athol Teachers Association business and have been made the subject of a motion filed by Union Attorney Joseph Sandulli, which this court has scheduled to hear on Tuesday, April 2, 2002. The remainder of the files contain a variety of the Harrises' private documents: tax records, emails, drafts of correspondence including attorney/client privileged communication. While Mr. and Ms. Harris had originally joined in the Union's motion, in light of the subsequent public release of their privileged documents, they have concluded that it does not go far enough to protect their interests. The egregious misconduct by

the defendants and their attorneys, both within and outside this action, necessitate broader relief than that sought by Union Counsel. The Harrises' are interested in preserving the computer and its files in their current state, until such time as special counsel has had an opportunity to review the available documents and consider the implications of defendants' and their attorneys' conduct in relation to applicable case law such as <u>Jones v. The Securities Exchange Commission</u>, 298 U.S. 1 (1936); and its progeny, and other legal doctrines.

      I have been in communication with McDonald and Associates, the Harrises' counsel of record in these proceedings, and have discussed with them my preliminary understanding of the legal implications of defendants' and their counsels' actions to the instant proceedings and to additional causes of action which may lie outside it. I will shortly be seeking to enter a limited appearance to address issues relating to the Harrises' computer files. I am writing to request that you consider the relief requested by Attorney Sandulli as not dispositive of this issue vis a vis Mr. and Ms. Harris, keeping final resolution of the matter open for a later hearing date on the Harrises' motions. I would request a filing date no later than April 12, 2002 and a hearing date no earlier than April 24, for the Harris motions. I will be away during the school holidays from April 15 to April 23.

Sincerely,

John G. Swomley

cc: John Foskett
     Vida Berkowitz
     Jack Canzoneri
     Joseph Sandulli
     R. & L. Harris
     Harvey Silverglate